IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-01354-RBJ

CHEVRON CORPORATION,

    Petitioner,

v.

ANDRES SNAIDER,

    Respondent.

---

ORDER ON PETITION AND APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 PERMITTING CHEVRON CORPORATION TO ISSUE SUBPOENAS FOR THE TAKING OF DEPOSITIONS AND THE PRODUCTION OF DOCUMENTS FROM ANDRES SNAIDER

---

The Petition and Application for an Order under 28 U.S.C. § 1782 Permitting Chevron Corporation ("Chevron" or "Petitioner") to Issue Subpoenas for the Taking of Depositions and the Production of Documents ("Petition") came on for hearing by application. By its Petition, Chevron seeks, discovery from Andres Snaider. All evidence, arguments, and law having been duly considered the Court rules as follows:

The Petition is GRANTED. The Court hereby GRANTS Petitioner leave to serve Andres Snaider with the subpoenas annexed to the Declaration of Allison K. Kostecka as Exhibit A.

In so ruling, the Court finds that the requirements of Section 1782 are met. First, Respondent resides or may be found in the District of Colorado. Second, the discovery sought is for use in proceedings currently pending before foreign tribunals: a case before the Supreme Court of Gibraltar against Russell DeLeon and an investment vehicle he controls, Torvia

1

Limited, *Chevron Corp. v. James Russell DeLeon and Torvia Limited*, Claim No. 2012-C-232 (the "Gibraltar proceeding"), as well as enforcement proceedings Chevron is facing in multiple jurisdictions ("Enforcement Proceedings"). Third, as a litigant in those proceedings, Chevron is an "interested person" within the meaning of Section 1782.

The Court further finds that the discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004), weigh in favor of granting the Application. Those factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome.

DATED this 20th day of May, 2014.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge