# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-1354-RBJ-KMT

CHEVRON CORPORATION,

    Petitioner,

v.

ANDRES SNAIDER,

    Respondent.

---

## NOTICE OF SUPPLEMENTAL AUTHORITY

---

    Respondent Andres Snaider respectfully submits this Notice of Supplemental Authority to inform the Court of a November 10, 2014 Judgment in Gibraltar that is pertinent to the pending Motion to Modify *Ex Parte* Order and Partially Quash Subpoena Under 28 U.S.C. § 1782 (Doc. # 21). A copy of the Judgment is attached.

    The Judgment concerns a series of actions Chevron brought seeking discovery from non-parties to the main Gibraltar proceeding against Mr. DeLeon and Torvia Ltd. One of the actions was against GT Nominees Ltd., a company connected to Amazonia Recovery Ltd., to which Chevron referred at our October 27, 2014 hearing. Although the Gibraltar court already had allowed Chevron to obtain from GT the names of the beneficial owners of Torvia and Amazonia under the narrow doctrine set forth in *Norwich Pharmacal Co Ltd. v. Comm'rs of Customs & Excise* [1974] AC 133, Chevron continued to seek disclosure that "potentially encompasses most of the documents (and with certainty encompasses a very large number of documents) held by the GT defendants in relation to Torvia and Amazonia." *See* Judgment ¶¶ 17-19. Rejecting

Chevron's request and dismissing the action for documents against GT, the court held that Chevron's demand not only exceeds *Norwich Pharmacal* but "goes far beyond whatever might be ordered under standard, or indeed specific, disclosure." *Id.* ¶ 36. In so doing, the court stated, among other things, that:

- Chevron "have extensive documentation from the New York [RICO] proceedings and the other discovery proceedings in the United States on which they can rely to show the conspiracy which they allege," *id.* ¶ 34;

- "Chevron appear to be treating the disclosure of documents from an innocent third party, GT Nominees and its associated companies, as simply a useful means of acquiring documents which will assist them in their substantive actions," *id.*;

- Chevron is not seeking documents that are necessarily relevant to the issues in the pending substantive action: instead, they improperly argue that "they cannot know what the issues are until they see the documentation, therefore all the documents regardless of relevance should be produced." "[T]hat is to turn the matter on its head," *id.* ¶¶ 38-39;

- Responding to Chevron's demand would necessarily raise substantial confidentiality issues and would include documents containing sensitive information "which on no basis should stand to be disclosed to third parties such as Chevron in the absence of compelling reasons," *id.* ¶ 40;

- Responding to Chevron's demand would be "a substantial burden" involving total costs "likely to be disproportionate to the benefit gained by Chevron," *id.* ¶¶ 41-42;

- The term "fishing expedition" "does not properly characterize the current application. Chevron's proposals more closely resemble an industrial trawler scraping a drag net along the ocean bed stirring the mud and hoovering up everything found, however valueless," *id.* ¶ 44; and

- "[I]f disclosure from the alleged conspirators proves unsatisfactory," Chevron can apply for a third party disclosure order, "but if one is to be made, as a matter of case management, it should (unless there are matters of which I have not been made aware) await the ordinary disclosure given by the substantive defendants," i*d.* ¶ 46.

Notably, the Judgment shows that in addition to DeLeon and Torvia, the "substantive defendants" from whom disclosure may be sought now include Amazonia Recovery Ltd. itself. The Gibraltar court's holdings are consistent with Mr. Snaider's arguments in the pending motion to quash and support that motion.[1]

November 13, 2014

        *s/ Jacqueline Melmed*
        Jacqueline Melmed
        Paul H. Schwartz
        SHOEMAKER GHISELLI + SCHWARTZ LLC
        1811 Pearl Street
        Boulder, CO  80302
        Phone:  (303) 530-3452
        Fax:  (303) 530-4071
        jmelmed@sgslitigation.com
        **ATTORNEYS FOR RESPONDENT**
        **ANDRES SNAIDER**

---

[1] Chevron also sought pre-litigation disclosure from non-party TC Payment Services (International) Ltd., an entity that Mr. DeLeon and his former wife used to make payments to support the Lago Agrio Litigation. *See* Judgment ¶ 1(d).  The court granted that application pursuant to Civil Procedure Rule 31.16, which permits discovery in certain circumstances against someone that is "likely to be a party to subsequent proceedings." *Id.* In effect, the court found that discovery from TC Payment was close enough to being discovery from a party to the litigation.  *Id.* ¶¶ 48-65.  This has no bearing on Mr. Snaider's motion to quash.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2014, I served the foregoing **NOTICE OF FILING OF SUPPLEMENTAL AUTHORITY** with the Clerk of the Court using the CM/ECF system which will send notification via e-mail to:

Robert C. Blume
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
T: (303) 298-5700
F: (303) 298-5907
rblume@gibsondunn.com

*Attorneys for Petitioner Chevron Corporation*

　　　　　　　　　　　　　　　　　　　　　　　　　*s/ Sarah B. Lee*